THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: July 25, 2013



Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE:   INISHA WILLIAMS,                    Case No. 12-35204-pp
         TWANA LYNN BROWN NASH,              Case No. 12-34942-pp

                    Debtors.

**ORDER IMPOSING PENALTIES, FINDING CIVIL CONTEMPT, ENJOINING ROBERT NAUGLES FROM ACTING AS A BANKRUPTCY PETITION PREPARER UNTIL FURTHER ORDER OF THE COURT, AND CERTIFYING THE CASE TO THE DISTRICT COURT FOR FINDINGS**

On October 19, 2012, debtor Inisha Williams filed her Chapter 7 bankruptcy case. The petition lists Robert Naugles of 4466 N. 56th Street as the petition preparer. The petition preparer fee disclosure indicates that Naugles charged the debtor $75 to prepare her papers. The debtor also filed an application to pay her Chapter 7 filing fee in installments.

On October 31, 2012, the debtor called the bankruptcy court clerk's office and spoke to a member of the staff. She told the staff member that her petition preparer never had informed her that she needed to complete credit counseling. She also stated that she had paid the preparer more than $75 to

1

complete her papers–she thought it was over $200, and had been under the impression that the preparer was going to use some of that to pay her filing fee. (The Chapter 7 filing fee is $306.) The debtor also stated that she'd gone back to the preparer to have him fix things that were missing in the schedules, and he'd charged her another $90 to fix them.

On November 2, 2012, the debtor filed a letter with the Court. In this letter, she complained about the preparer. She stated that the preparer had been a patient of hers (it is not clear what the debtor does for a living, because the majority of her schedules were left blank). She stated that she had reviewed the preparer's "credentials and licensing," and had decided to let him prepare her bankruptcy papers. She stated that he charged her $200, and her fiancee $120, to prepare their papers. She stated that she also paid the preparer $106 in "court fees." She had since learned, she stated, that her schedules were blank, that he didn't pay any court fees, and that she was worried about having her car repossessed and her utilities disconnected. The preparer charged her additional money, she said, for court fees, at which time she assumed the Court had refused her application for a waiver of the filing fee (the preparer did not file an application to waive the filing fee). She stated that the preparer told her she had three months to turn in her papers. She complained that he listed creditors she'd never had, and failed to list others that she did have. She never got copies of her paperwork. She listed other concerns, as well.

2

The debtor's case ended up being dismissed on November 5, 2012, because the Court never did receive completed bankruptcy schedules.

Twana Lynn Brown Nash filed her Chapter 7 petition on October 15, 2012. Her petition also listed Robert Naugles, at the 4466 N. 56th Street address, as the petition preparer. Again, the fee disclosure indicated that the debtor had paid the preparer $75.00. These schedules were completed, but were handwritten.

The Court ended up dismissing the debtor's case for failure to file her credit counseling certificate. The Court reinstated the case when the debtor filed the certificate, along with a letter asking for reinstatement. On November 26, 2012, the Court held a hearing on the debtor's application for waiver of the Chapter 7 filing fee. At that hearing, the debtor told the Court that Naugles had charged her over $200 for preparing her papers. She'd later learned that they were deficient, and had done her best to clean them up. She stated that the preparer would not tell her where he lived, and met with her at places other than his home. She stated that he'd given her a phone number, and she provided that number (414-813-2196) to the Court. The debtor stated that she had been forced to borrow the money to pay Naugles from her father, who could not really afford it, and she was shocked to learn that this Court's policy prevented preparers from charging more than $75.

On December 6, 2012, the Court issue an order to show cause, requiring preparer Robert Naugles to appear and show cause why he should not be

3

sanctioned for violating the Court's fee cap with regard to both Ms. Williams and Ms. Brown Nash. The Court held a hearing on January 9, 2013. On that date, Ms. Williams and Ms. Brown Nash appeared, as did Ms. Brown Nash's daughter, Sharnese Brown. Robert Naugles also appeared. The debtors reiterated, and elaborated on, the information they'd provided in their earlier complaints. The Court also learned that Ms. Brown Nash's daughter, Sharnese Brown, had paid Robert Naugles $200, and Naugles never had prepared or filed any papers for Sharnese Brown. Robert Naugles told the Court that he believed that he was providing the services allowed by §110 of the Bankruptcy Code. He described himself as a businessman. He indicated that he knew he was not allowed to provide legal advice, and that the reason he hadn't filled out certain information was because he did not believe he was supposed to do so.

At the conclusion of this hearing, the Court found that Naugles had violated both the Court's fee cap policy and §110. In particular, the Court found that Naugles had accepted filing fees from debtors, had failed to provide debtors with copies of their completed schedules, had failed to prepare and file schedules he'd been paid to prepare and file, had filed uncompleted schedules, and had failed to provide the disclosures provided by §110. The Court ordered that by March 15, 2013, Naugles must refund Ms. Williams $521, must refund Twana Brown Nash $230, and must refund Sharnese Brown $200. The Court also fined Naugles $1,000, to be paid to the United States Trustee by the March 15, 2013 date.

On April 4, 2013, Ms. Brown Nash filed a letter with the Court. This letter stated, "On January 9, 2013, Mr. Robert Naugles, was order to return Twana $230.00 for violating of court's fee cap for petition prepares. I spoke with Mr. Robert Naugles on 3/15/13. He said to me not to ever call his phone. That I have nothing coming. He also stated that his lawyer took care of everything. I would like for my $230.00 to be returned to me a.s.a.p. Thank you." For the next month, Ms. Brown Nash periodically called the Court's chambers, indicating each time that Naugles still had not paid her, and that she saw him in the community and he'd reiterated that he was not going to pay her. The Court's order requiring Naugles to disgorge the fees and pay a fine to the UST was issued on May 9, 2013. On that same date, the Court issued another order to show cause requiring Naugles to come to court, this time to explain why he had not complied with the Court's order that he refund fees to Ms. Williams, Ms. Nash and Ms. Brown.

The Court held a hearing on the second show-cause order on June 12, 2013. On that date, Ms. Williams, Ms. Brown Nash, and Ms. Brown all appeared. Mr. Naugles did not. Both debtors testified that they'd not received any refunds from Naugles. Both testified that they had had very unpleasant interactions with Naugles. Ms. Nash testified that Naugles had been verbally abusive to her, both in person and on the telephone. Ms. Williams testified that Naugles actually had agreed to come to her job to refund her fee, but had never shown up. Both women had observed Naugles soliciting other customers

5

for petition preparation work.  Finally, counsel for the UST reported that Naugles had not paid the fine the Court had imposed.

Clearly Robert Naugles is engaged in the business of preparing bankruptcy papers for debtors, at least on a part-time basis.  He clearly knows that the Court caps petition preparer fees at $75, so he states on the fee disclosure that that is what he charges, in spite of the fact that he is charging much more.  He has, in at least one case, filed blank schedules, causing a debtor (Ms. Williams) to have her case dismissed.  This Court has ordered him, both orally and in writing, to refund fees to Ms. Williams, Ms. Brown Nash and Ms. Brown, as well as ordering him to pay a fine to the UST.  Not only has Naugles failed to follow that order, but he has informed Ms. Brown Nash that he had no intention of complying with the Court's order.  It appears possible that he continues to charge other individuals to prepare their bankruptcy papers; he may not be disclosing his preparation services on petitions, however, given that the Court has not seen his name on any petitions in the last several months.

For these reasons, and for the reasons set forth in more detail on the record in the above-captioned cases, the Court hereby **ORDERS:**

1. That Robert Naugles shall, by **August 30, 2013**, refund to debtor Inisha Williams the sum of five hundred twenty-one dollars ($521), the amount she paid Robert Naugles for his petition preparation services.  11 U.S.C. §110(i)(1)(A).

2. That Robert Naugles shall, by **August 30, 2013**, refund to debtor Twana Lynn Brown Nash the sum of two hundred thirty dollars ($230), the amount she paid Robert Naugles for his petition preparation services. 11 U.S.C. §110(i)(1)(A).

3. That Robert Naugles shall, by **August 30, 2013**, refund to Sharnese Brown the sum of two hundred dollars ($200), the amount she paid Robert Naugles for paperwork he did not prepare. 11 U.S.C. §110(i)(1)(A).

4. That Robert Naugles shall, by **August 30, 2013**, pay a fine in the amount of one thousand dollars ($1,000) to the Office of the United States Trustee, as a sanction for violations of 11 U.S.C. §110.

The Court further **ORDERS** that for failing to comply with the requirements of §110–specifically, for failing to provide the disclosures required by that statute, for taking money to prepare papers that he did not prepare, and for taking money to file incomplete paperwork–Robert Naugles is hereby **BARRED** from providing petition preparer services of any kind in the Eastern District of Wisconsin.

The Court hereby **CERTIFIES** these factual findings to the District Court for consideration of whether it should impose sanctions on Robert Naugles for criminal contempt. The Court **ORDERS** that the Clerk of the Bankruptcy Court is to transmit the record in this case to the District Court.

# # # # #

7