# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERT NAUGLES,**
                **Bankruptcy Petition Preparer,**

     **v.**                                  **Case No.  13-MC-00044**

**United States Trustee,**
                **Interested Party.**

---

## DECISION AND ORDER

On July 25, 2013, Bankruptcy Court Judge Pamela Pepper certified factual findings to this court for consideration of whether sanctions should be imposed against Robert Naugles for criminal contempt. In her order, Judge Pepper found that Naugles had acted improperly when providing bankruptcy petition preparer services for debtors. She found that Naugles had charged excessive fees for his services, and that he had violated 11 U.S.C. § 110 by failing to provide debtors with copies of their completed schedules, failing to prepare and file schedules that he had been paid to prepare and file, filing incomplete schedules, and failing to provide the disclosures required by § 110. Based on these findings, Judge Pepper ordered Naugles to return a total of $951 in fees to three different debtors and to pay a $1,000 fine to the United States trustee by March 15, 2013. Naugles did not refund the fees or pay the fine by this deadline, and he failed to appear at a show cause hearing that Judge Pepper held on June 12, 2013. As a result, she issued a finding of civil contempt and certified her factual findings for review by this court.

Naugles had 14 days to object to Judge Pepper's proposed findings of fact, but he has not filed any objections. *See* Fed. R. Bankr. P. 9033. Therefore, I review Judge

Pepper's findings only for clear error. Fed. R. Bankr. P. 9033 adv. comm. note 1987; Fed. R. Civ. P. 72 adv. comm. note 1987. Having reviewed her order, I conclude that her findings of fact are not clearly erroneous and adopt them in their entirety.

Charges of criminal contempt are governed by 18 U.S.C. § 401, which gives a United States court the authority to punish "by fine or imprisonment, or both," contempt of the court's authority, including "[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice," and "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Before a defendant can be punished under this statute, he must receive notice of the charges against him and a trial. Fed. R. Crim. P. 42 (noting that a defendant is entitled to a trial unless "the judge saw or heard the contemptuous conduct"); *see also F.T.C. v. Trudeau*, 606 F.3d 382, 385–86 (7th Cir. 2010) (discussing Rule 42). Therefore, I will refer this matter to the U.S. Attorney for the Eastern District of Wisconsin for consideration of whether to pursue criminal contempt charges under § 401. *See* Fed. R. Crim. P. 42(a)(2) (requiring the court to request that contempt be prosecuted by an attorney for the government); *see also In re Contempt Proceedings for Deron Coleman*, Case No. 12-MC-06 (E.D. Wis.); *In re Contempt Proceedings for Morrison*, Case No. 11-MC-68 (E.D. Wis.); *In re Contempt Proceedings for Bess*, No. 11-MC-35, 2011 WL 4916437 (E.D. Wis. Oct. 17, 2011).

**THEREFORE, IT IS ORDERED** that the factual findings and conclusions of law contained in Judge Pepper's order of July 25, 2013 in Bankruptcy Case No. 12-35204 and 12-34942 are adopted in their entirety and incorporated herein.

2

**IT IS FURTHER ORDERED** that this matter is referred to the U.S. Attorney for the Eastern District of Wisconsin for consideration of whether to prosecute Robert Naugles for criminal contempt of court under 18 U.S.C. § 401 based on Naugles' conduct in and before the bankruptcy court as described in the adopted findings and conclusions.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2013.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

3